UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

VIOLA MARTINEZ,

    Plaintiff,

v.

STANDARD INSURANCE COMPANY,

    Defendant.

_____)

## COMPLAINT

The Plaintiff, VIOLA MARTINEZ ("MARTINEZ"), by and through her undersigned counsel, hereby sues STANDARD INSURANCE COMPANY ("STANDARD"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. MARTINEZ brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. MARTINEZ was at all times relevant a permanent resident of the United States of America and in all respects sui juris.

3. STANDARD is a corporation with its principal place of business in the State of Oregon, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant,

STANDARD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to MARTINEZ by STANDARD.

6. MARTINEZ was at all times material an employee of UnitedHealth Group.

7. MARTINEZ was at all times material a plan participant under the UnitedHealth Group Group Long Term Disability Insurance Policy, Policy Number 643980-B (the "LTD Plan"), which was issued by STANDARD to UnitedHealth Group and is pursuant to which MARTINEZ is entitled to benefits. A copy of the LTD Plan as provided by STANDARD has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. STANDARD is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, STANDARD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, STANDARD is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, MARTINEZ is entitled to LTD benefits for the duration of her disability, or until the age of 67, so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

You are Disabled if you meet the following definitions during the periods they apply:

    A. Own Occupation Definition Of Disability.

    B. Any Occupation Definition Of Disability.

A. Own Occupation Definition Of Disability

During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your Own Occupation.

You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder:

1. You are unable to perform with reasonable continuity the Material Duties of your Own Occupation; and
2. You suffer a loss of at least 20% in your Indexed Predisability Earnings when working in your Own Occupation.

Note: You are not Disabled merely because your right to perform your Own Occupation is restricted, including a restriction or loss of license.

During the Own Occupation Period you may work in another occupation while you meet the Own Occupation Definition Of Disability. However, you will no longer be Disabled when your Work Earnings from another occupation meet or exceed 80% of your Indexed Predisability Earnings. See **Return to Work Provisions** and **Deductible Income**.

Own Occupation means any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation you are regularly performing for your Participating Employer when Disability begins. In determining your Own Occupation, we are not limited to looking at the way you perform your job for your Participating Employer, but we may also look at the way the occupation is generally performed in the national economy. If your Own Occupation involves the rendering of professional services and you are required to have a professional or occupational license in order to work, your Own Occupation is as broad as the scope of your license.

Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a Material Duty.

B. Any Occupation Definition Of Disability

During the Any Occupation Period you are required to be Disabled from all occupations.

You are Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation.

Any Occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work, regardless of whether you are working in that or any other occupation.

Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a Material Duty.

Your Own Occupation Period and Any Occupation Period are shown in the **Coverage Features**.

13. Since approximately August 3, 2017, MARTINEZ has been disabled under the terms of the LTD Plan.

3

14. After becoming disabled, MARTINEZ made a timely claim to STANDARD under the LTD Plan for disability benefits.

15. STANDARD initially approved MARTINEZ's claim and LTD benefits were initially paid through January 29, 2020.

16. By letter dated January 13, 2020, STANDARD denied MARTINEZ's claim for continued LTD benefits beyond January 29, 2020.

17. MARTINEZ timely and properly appealed STANDARD's January 13, 2020 denial letter.

18. By letter dated September 16, 2020, STANDARD affirmed its previous decision to deny MARTINEZ's LTD claim for disability benefits beyond January 29, 2020 and informed MARTINEZ that her administrative remedies had been exhausted.

19. At all relevant times, MARTINEZ complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, MARTINEZ has been unable to perform with reasonable continuity the Material Duties of her Own Occupation.

21. At all relevant times, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, MARTINEZ has been unable to perform with reasonable continuity the Material Duties of Any Occupation, as such is defined by the governing policy.

22. At all relevant times, MARTINEZ has been under the regular care of a doctor.

23. At all relevant times, MARTINEZ was a Covered Person under the LTD Plan.

24. From January 30, 2020 through the present date, MARTINEZ has not received benefits owed to her under the LTD Plan, despite MARTINEZ's right to these benefits.

25. STANDARD has refused to pay MARTINEZ's LTD benefits since January 29, 2020.

26. At all relevant times, STANDARD was the payer of benefits.

27. At all relevant times, STANDARD was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, STANDARD was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

29. At all relevant times, MARTINEZ has been and remains Disabled and entitled to LTD benefits from STANDARD under the terms of the LTD Plan.

30. MARTINEZ has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

31. MARTINEZ incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), MARTINEZ, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. MARTINEZ has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of STANDARD's failure to pay her disability benefits.

35. MARTINEZ has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to MARTINEZ at a time when STANDARD knew, or should have known, that MARTINEZ

    was entitled to those benefits under the terms of the LTD Plan, as MARTINEZ was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of MARTINEZ's claim for LTD benefits;

    (c) After MARTINEZ's claim was terminated in whole or in part, STANDARD failed to adequately describe to MARTINEZ any additional material or information necessary for MARTINEZ to perfect her claim, along with an explanation of why such material is or was necessary.

    (d) STANDARD failed to properly and adequately investigate the merits of MARTINEZ's disability claim and failed to provide a full and fair review of MARTINEZ's claim.

37. MARTINEZ believes and thereon alleges that STANDARD wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which MARTINEZ is presently unaware, but which may be discovered in this future litigation and which MARTINEZ will immediately make STANDARD aware of once said acts or omissions are discovered by MARTINEZ.

38. Following the termination of benefits under the LTD Plan, MARTINEZ exhausted all administrative remedies required under ERISA and MARTINEZ has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of STANDARD,

      MARTINEZ has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding MARTINEZ's claim for benefits, MARTINEZ, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), MARTINEZ is entitled to have such fees and costs paid by STANDARD.

41. The wrongful conduct of STANDARD has created uncertainty where none should exist, therefore, MARTINEZ is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, VIOLA MARTINEZ prays for relief against STANDARD INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 1, 2021

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        (954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com